The Honorable James T. Jordan State Representative P.O. Box 518 Monticello, AR 71655-0518
Dear Representative Jordan:
This is in response to your request for an opinion on who is responsible for transportation of juveniles to and from a designated juvenile detention facility prior to adjudication by a juvenile court.
It is my opinion that the responsibility for such transportation is unclear under the "Arkansas Juvenile Code of 1989." The Juvenile Code seems to contemplate, at least in some instances, that transportation shall be provided by the arresting officer or agency. It is my opinion, in any event, however, that the responsibility for providing such transportation may be assigned by order of the juvenile court. It is conceivable under Arkansas statutes that if the arresting officer or agency does not provide transportation, the court could order the sheriff's office or the juvenile intake officer to perform this duty.
The Arkansas legislature enacted A.C.A. § 9-27-301, et seq.
(Supp. 1989), otherwise known as the "Arkansas Juvenile Code of 1989" ("A.J.C."), pursuant to the authority granted it by Amendment 67 of the Arkansas Constitution. This constitutional amendment defined jurisdiction of matters relating to juveniles and conferred such jurisdiction upon a newly created juvenile division of the Chancery Court system. Arkansas Department ofHuman Services v. Clark, 304 Ark. 403, 407, 802 S.W.2d 461, 463
(1991).
The only direct reference to transportation is found at A.C.A. § 9-29-313(e):
 (e) When a law enforcement officer takes custody of a juvenile under this subchapter for reasons other than those specified in subsection (c) of this section concerning dependent-neglected juveniles, or subsection (d) of this section concerning delinquency, he shall:
 (1) Take the juvenile to shelter care, notify the Department of Human Services and the intake officer of the juvenile court, and make every possible effort to notify the parent, guardian, or other person having care of the juvenile of the juvenile's location. The notification to parents shall be in writing and shall include a notice of the location of the juvenile, of the juvenile's and parents' rights to receive a copy of any petition filed under this subchapter, the location and telephone number of the court, and the procedure for obtaining a hearing. . . .
Under this section, it seems that the "A.J.C." contemplates that a "law enforcement officer" and/or the arresting agency will transport alleged delinquent juveniles to detention, shelter care or a home assigned by the Department of Human Services. It is thus reasonable to conclude that the Juvenile Code authorizes and contemplates transportation by these officials.
It should be also noted that the sheriffs of each of the counties are regarded as sheriffs of the Chancery Courts. A.C.A. § 16-13-316 (1987). Juvenile courts are a division of the Chancery Courts. A.C.A. § 9-27-303(8) (Repl. 1991). As a general matter, the sheriff has a duty to "[e]xecute all process directed to him by legal authority." A.C.A. § 14-14-1301(a)(5)(B)(ii) (1987). Process is defined as "a writ or summons issued in the course of judicial proceedings." A.C.A. § 16-55-102(a)(16) (1987). A writ is defined as "an order or precept in writing issued by a court, clerk or judicial officer." A.C.A. § 16-55-107(a)(23) (1987). "Process, in the sense of the statutes, is a comprehensive term which includes all writs, rules, orders, executions, warrants or mandates issued during the progress of an action, even those used to carry a judgment into effect, including a commitment to prison for a criminal offense or for contempt." Henderson v. Dudley,264 Ark. 697, 709, 574 S.W.2d 658, 665 (1978). See generally
Op. Att'y Gen. 92-021. Finally, the transportation of prisoners to other counties is regarded as a statutorily imposed duty upon the sheriffs. A.C.A. § 16-81-111 (1987).
In Arkansas, any peace officer to whom any criminal summons or warrant of arrest is directed may serve or execute it in any county in the state. A.C.A. § 16-81-105 (1987). The Juvenile Court directs the sheriff of the county in which it sits to execute its directives, warrants and summons as contemplated by A.C.A. § 9-27-313(d)(1) and (3)(e)(1) (Supp. 1989). Thus, it is clear that the Juvenile Court has the authority, if it so chooses, to order the sheriff's office to provide transportation of pre-adjudicated juveniles.
In addition, the intake officer is to perform certain duties under the Arkansas Juvenile Code, and shall also perform "all other functions assigned to him by . . . the court. " A.C.A. §9-27-308(a)(2)(A)(iii) (Repl. 1991). It is clear, therefore, that the Juvenile Court also has authority to order the intake officers to provide the transportation in question.
It is therefore my opinion, although the question is not entirely clear under the Arkansas Juvenile Code, that if the arresting officer or agencies do not provide transportation, the juvenile court has authority, by order, to place the responsibility of transporting juveniles on any of the officers discussed above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh